**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGUSTIN DE JESUS CARO-CONDE, AKA Augustin Caro-Conde, | No.    20-71074 |
| Petitioner, | Agency No. A206-443-889 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, McKEOWN, Circuit Judge, and RESTANI,[***] Judge.

Agustin Caro-Conde petitions for review of a Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

("BIA") order denying his application for withholding of removal and for relief under the Convention Against Torture ("CAT"). Caro-Conde's application is based on his fear that, if he is returned to Mexico, he will be persecuted or tortured on account of his sexuality. We have jurisdiction under 8 U.S.C. § 1252. Since the BIA's decision partially relies on the immigration judge's ("IJ's") reasoning, we review both decisions. *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). In doing so, we review legal questions de novo and the agency's factual findings for substantial evidence. *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021). We deny the petition.

Whether we review de novo or for substantial evidence, the result is the same: there is no error in the IJ's denial of Caro-Conde's application for withholding of removal, based on a "fundamental change in circumstances" that rebutted Caro-Conde's well-founded fear of persecution. 8 C.F.R. § 1208.16(b)(1)(i)(B). The IJ properly considered the facts that Caro-Conde's rapist had left Veracruz; that Caro-Conde had left the school where he was abused and had not suffered harassment and beatings for several years; that Caro-Conde no longer knew where his uncles were located; and that Caro-Conde's uncles were wanted by police. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 957 (9th Cir. 2021) (recognizing that an IJ may consider changes in an applicant's personal circumstances—not only changed country conditions—to determine whether the government has rebutted an applicant's well-

founded fear of persecution.). The BIA adopted the IJ's factual findings and concluded that Caro-Conde is not eligible for withholding of removal. Substantial evidence supports that conclusion.

Substantial evidence also supports the Board's conclusion that Caro-Conde failed to establish eligibility for protection under CAT. "To obtain CAT relief, the applicant must show that it is more likely than not that he will face torture in the country of removal." *Iraheta-Martinez*, 12 F.4th at 959. Assuming without deciding that Caro-Conde's abuse constituted "torture," 8 C.F.R. § 1208.18(a)(1), the record does not compel the conclusion that it is "more likely than not" that Caro-Conde will suffer future torture if returned to Mexico, 8 C.F.R. § 1208.16(c)(2). Although Caro-Conde argues that the Mexican government does not adequately protect members of the LGBTQ community, we find no error in the IJ's determination that Caro-Conde failed to show that he would personally suffer torture if returned to Mexico. Substantial evidence supports the IJ's conclusion that Caro-Conde could avoid future persecution by relocating to areas of Mexico outside of Veracruz, and that such relocation would be reasonable.

**PETITION FOR REVIEW DENIED.**